**WESTERN CENTER ON LAW & POVERTY**
Helen Tran, SBN 290731
Email: htran@wclp.org
David Kane, SBN 292186
Email: dkane@wclp.org
Joy Dockter, SBN 275196
Email: jdockter@wclp.org
Robert Newman, SBN 86534
Email: rnewman@wclp.org
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Fax: (213) 487-0242

(Additional counsel on following page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re 2025 Children's Hospital of Los Angeles Subpoena | Case No.: _____<br><br>CLASS ACTION<br><br>**EXHIBITS 4-5 IN SUPPORT OF MOTION TO QUASH; MOTION TO PROCEED UNDER PSEUDONYM; AND MOTION FOR CLASS CERTIFICATION** |

1

**LAWYERS FOR GOOD GOVERNMENT**
Amy E. Powell, NC SBN 50300*
Email: amy@lawyersforgoodgovernment.org
Khadijah M. Silver, NY SBN 5473558*
Email: khadijah@lawyersforgoodgovernment.org
Alyssa F. Morrison, TX SBN 24110135*
Email: amorrison@lawyersforgoodgovernment.org
1319 F St. NW Ste 301
PMB 181
Washington, DC 20004

**IMPACT FUND**
Lori Rifkin, SBN 244081
Email: lrifkin@impactfund.org
Fawn Rajbhandari-Korr, SBN 315888
Email: fkorr@impactfund.org
Meredith Dixon, SBN 346864
Email: mdixon@impactfund.org
Megan Flynn, SBN 359394
Email: mflynn@impactfund.org
2080 Addison St., Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Fax: (510) 845-3654

*Attorneys for Moving Parties*

**Pro hac vice application forthcoming*

2

**EXHIBITS 4-5 ISO MOTION TO QUASH; MOTION TO PROCEED UNDER
PSEUDONYM; AND MOTION FOR CLASS CERTIFICATION**

2

# EXHIBIT 4

**WESTERN CENTER ON LAW & POVERTY**
Helen Tran, SBN 290731
Email: htran@wclp.org
David Kane, SBN 292186
Email: dkane@wclp.org
Joy Dockter, SBN 275196
Email: jdockter@wclp.org
Robert Newman, SBN 86534
Email: rnewman@wclp.org
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Fax: (213) 487-0242

(Additional counsel on following page)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re 2025 Children's Hospital of Los Angeles Subpoena | Case No.: _____<br><br>CLASS ACTION<br><br>**DECLARATION OF PARENT DD IN SUPPORT OF MOTION TO QUASH; MOTION TO PROCEED UNDER PSEUDONYM; AND MOTION FOR CLASS CERTIFICATION** |

1

**DECLARATION OF PARENT DD**

4

**LAWYERS FOR GOOD GOVERNMENT**
Amy E. Powell, NC SBN 50300*
Email: amy@lawyersforgoodgovernment.org
Khadijah M. Silver, NY SBN 5473558*
Email: khadijah@lawyersforgoodgovernment.org
Alyssa F. Morrison, TX SBN 24110135*
Email: amorrison@lawyersforgoodgovernment.org
1319 F St. NW Ste 301
PMB 181
Washington, DC 20004

**IMPACT FUND**
Lori Rifkin, SBN 244081
Email: lrifkin@impactfund.org
Fawn Rajbhandari-Korr, SBN 315888
Email: fkorr@impactfund.org
Meredith Dixon, SBN 346864
Email: mdixon@impactfund.org
Megan Flynn, SBN 359394
Email: mflynn@impactfund.org
2080 Addison St., Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Fax: (510) 845-3654

*Attorneys for Moving Parties*

**Pro hac vice application forthcoming*

2

**DECLARATION OF PARENT DD**

**DECLARATION OF PARENT DD**

I, Parent DD declare as follows:

1.      I am the parent of Child DD, a minor currently under the age of 18 who received gender-affirming care at Children's Hospital Los Angeles ("Children's Hospital") between January 1, 2020, and July 22, 2025, when Children's Hospital stopped providing this care.

2.      I submit this Declaration in support of moving parties' motion to proceed under pseudonyms; motion to quash certain provisions in the recent subpoena reportedly served by the United States Department of Justice ("DOJ") on Children's Hospital regarding the provision of gender-affirming care; and motion for class certification. I make this declaration based on my own personal knowledge, and, if called as witnesses, I could and would competently testify to the following:

3.      Child DD and I live in Los Angeles County.

4.      I have not shared information about my child's gender identity or medical treatment with DOJ, nor do I want to share this private information with DOJ.

5.      During the course of my child's care at Children's Hospital, my child, other family members, and I visited with Children's Hospital providers at least five times for medical appointments and met with physicians, nurses, and front office staff during these visits.

6.      Throughout these visits and communications with Children's Hospital, my child and I disclosed sensitive private information about my child's mental, physical, and sexual health, gender identity, school relationships, and other deeply personal thoughts and feelings. I, as a parent, disclosed personal information about my occupations, financial situation, and medical histories, as well as personal details about other members of the family, relatives, and friends.

3
DECLARATION OF PARENT DD

7.     I shared this information with the understanding that it would be used solely for medical treatment and would not be shared with anybody else. I believed that such disclosures were necessary to aid in my child's receipt of medically necessary care, including diagnosis, treatment, treatment plan development, and recommendations for their health and well-being.

8.     My child received gender-affirming care at Children's Hospital as recommended by my child's healthcare providers.

9.     My child was covered by Medi-Cal during the course of their care at Children's Hospital. To the best of my knowledge, Children's Hospital billed the costs of these visits and other treatment to Medi-Cal.

10.     I worry about my family's safety and well-being due to the extreme and hateful threats and statements from the current Administration I see in the news, including executive orders and statements from the President about transgender people and gender-affirming healthcare. I also fear being harmed by hate groups that are advocating against the rights of transgender people.

11.     My fear for my family's privacy and safety became particularly intense when I learned DOJ subpoenaed Children's Hospital for documents that include my family's deeply personal information. I do not want DOJ to have that information, and I further do not trust DOJ will safeguard that information from improper disclosure. From the news, I have heard of DOJ attorneys being fired or removed when they disagree with the Administration's positions in legal cases. Additionally, statements and executive orders from the Administration about transgender people and transgender healthcare make me worry DOJ will use our information for improper purposes. We also have a President who amplifies the messages of hate groups on his social media, seemingly giving them permission to inflict harm on transgender people.

4

DECLARATION OF PARENT DD

12.     One of my biggest fears with having my family's personal information handed over to DOJ is allowing the government to identify that I have a child who is receiving gender-affirming care and eventually to take away my child because of that. I have been reading in the news that the Administration considers providing gender-affirming care to children as a form of child abuse. I worry the Administration could start to investigate families like mine and eventually take my child away. If they take my child away, what are they going to do to my child—put them in conversion therapy? I believe this would be extremely harmful to my child.

13.     I cannot stop seeking medical treatment for my child because without proper care that affirms my child's gender, my child's gender dysphoria can become life threatening. From what I've learned about the importance of gender-affirming care, when a family does not support their transgender or nonbinary children, the children have higher rates of suicide than other kids.

14.     I have also witnessed the deportations that have resulted from ICE kidnappings. From this, I believe the Administration could also rip apart my family based on a similar political agenda against transgender people.

15.     I am aware there are active parent groups that oppose transgender rights and gender-affirming care for children. These groups are aggressive in their stance. They publish people's addresses and schools and "out" people, such as with athletes who are trans by going to their school and their games to protest the child athletes in-person.

16.     My child feels othered and different in school already because of their gender identity. In one instance, when my child tried to use a bathroom, the kids in school lined up to block the entrance. Another time, older kids demanded my child to admit they were a certain gender. The kids even went so far as to write letters and make drawings to my child about this. This all made my child very

5
DECLARATION OF PARENT DD

8

uncomfortable. Kids continue to try to push my child to acknowledge they are a different gender identity.

17.    Disclosing my participation in this lawsuit to the public would expose my child to more bullying in school, further worsening their existing mental health struggles. I've met parents at my child's school who are uncomfortable with transgender children, so I can't imagine how much more riled up these parents will be if the learn about our connection to this lawsuit. My child is already struggling with their gender expression and how they are seen by the world.

18.    My family has limited financial resources. If the government or hate groups come after my family, we will not have the financial means to relocate or pay someone to erase all our stuff on the internet.

19.    I understand that DOJ has reserved the right to enforce the subpoena at any time and that they might do so without giving me any advance notice. I also understand that even if Children's Hospital has not already turned over my child's personal health information to DOJ, the hospital could turn over this information at any time.

20.    Given the federal government's ever-increasing attacks on transgender youth and adults and how much I already feel like my child and family are being targeted, I do not feel like my family is safe as long as the subpoena is out there. I want to make sure my child's privacy rights are protected and do not feel comfortable knowing DOJ could go after our information at any time.

21.    Our privacy would not be protected by redacting our names. During the course of my child's care, we disclosed innumerable sensitive, identifiable facts to Children's Hospital medical providers.

22.    I decided to participate in this action because I believe that people who seek gender affirming care should be able to trust that their medical records

6
DECLARATION OF PARENT DD

1  will not be turned over to the government for improper purposes, and I do not want
2  people to fear seeking gender affirming care in the future.

3      23.    Despite these strong convictions, if we are not permitted to proceed
4  under pseudonym, I will likely feel compelled to withdraw as a representative of
5  this class and from this motion and abandon litigation in order to preserve the
6  safety of my child and my family.

7      24.    I understand that as a class representative, my job would be to
8  advocate for what is best for all people who have sought or received gender
9  affirming care at Children's Hospital of Los Angeles, and not just ourselves. I'm
10  prepared to assume this responsibility.

11      25.    I also understand that I must stay informed about the lawsuit and
12  consult with our attorneys. I have no conflicts or restrictions that would prevent me
13  from taking on this important job.

14

15      I declare under penalty of perjury under the laws of the United States of
16  America that the foregoing is true and correct. Executed on November ___, 2025,
17  in Los Angeles County, State of California.

Parent DD
_____
                    Parent DD

7.
DECLARATION OF PARENT DD

10

# EXHIBIT 5

**WESTERN CENTER ON LAW & POVERTY**
Helen Tran, SBN 290731
Email: htran@wclp.org
David Kane, SBN 292186
Email: dkane@wclp.org
Joy Dockter, SBN 275196
Email: jdockter@wclp.org
Robert Newman, SBN 86534
Email: rnewman@wclp.org
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Fax: (213) 487-0242

(Additional counsel on following page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re 2025 Children's Hospital of Los Angeles Subpoena | Case No.: _____<br><br>CLASS ACTION<br><br>**DECLARATION OF PARENT EE IN SUPPORT OF MOTION TO QUASH; MOTION TO PROCEED UNDER PSEUDONYM; AND MOTION FOR CLASS CERTIFICATION** |

1

**DECLARATION OF PARENT EE**

40

12

**LAWYERS FOR GOOD GOVERNMENT**
Amy E. Powell, NC SBN 50300*
Email: amy@lawyersforgoodgovernment.org
Khadijah M. Silver, NY SBN 5473558*
Email: khadijah@lawyersforgoodgovernment.org
Alyssa F. Morrison, TX SBN 24110135*
Email: amorrison@lawyersforgoodgovernment.org
1319 F St. NW Ste 301
PMB 181
Washington, DC 20004

**IMPACT FUND**
Lori Rifkin, SBN 244081
Email: lrifkin@impactfund.org
Fawn Rajbhandari-Korr, SBN 315888
Email: fkorr@impactfund.org
Meredith Dixon, SBN 346864
Email: mdixon@impactfund.org
Megan Flynn, SBN 359394
Email: mflynn@impactfund.org
2080 Addison St., Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Fax: (510) 845-3654

*Attorneys for Moving Parties*

**Pro hac vice application forthcoming*

2

**DECLARATION OF PARENT EE**

# DECLARATION OF PARENT EE

I, Parent EE, declare as follows:

1.    I am the parent of Child EE, who is currently under the age of 18 and who received gender affirming care at Children's Hospital Los Angeles ("Children's Hospital") between January 1, 2020, until July 22, 2025, when Children's Hospital ceased providing gender-affirming care.

2.    I submit this Declaration in support of moving parties' motion to proceed under pseudonyms; motion to quash certain provisions in the recent subpoena reportedly served by the United States Department of Justice ("DOJ") on Children's Hospital regarding the provision of gender-affirming care; and motion for class certification. I make this declaration based on my own personal knowledge, and, if called as a witness, I could and would competently testify to the following:

3.    Both Child EE and I are residents of Santa Barbara County.

4.    I have not shared information about my child's gender identity or medical treatment with DOJ, nor do I want to share this private information with DOJ.

5.    During the course of my child's care at Children's Hospital, my child, other family members, and I visited with Children's Hospital providers at least three times and met with at least four medical professionals, including physicians, nurses, licensed mental health professionals, therapists and case managers. We additionally communicated with staff at Children's Hospital by telephone, email, video conference, and other forms of communications, including the Children's Hospital online portal.

6.    Throughout these visits and communications with Children's Hospital, my child and I disclosed sensitive, private information about my child's mental health, gender identity, sexual health, other physical health issues, and various other personal information. Meanwhile, my child and I disclosed personal

1  information about my occupation and financial situation as well as personal

2  information about other members of the family and other relatives that were

3  relevant to my child's care.

4        7.    When my child and I disclosed this information, I believed our

5  disclosures were private and would be kept confidential between me, my child, and

6  their healthcare providers. We shared this sensitive information with their doctor

7  and other healthcare professionals because I thought it was necessary for my

8  child's medical care, including diagnosis, treatment, treatment plan development,

9  and other recommendations for my child's health and well-being.

10        8.    During the course of my child's care at Children's Hospital, both my

11  child and I participated in a mental health appointment conducted by a licensed

12  mental health provider, discussed recommended treatment with physician, and

13  discussed our concerns about the recommended treatment privately with Children's

14  Hospital medical providers.

15        9.    During the course of my child's care at Children's Hospital, my child

16  received puberty blockers and other gender-affirming care as recommended by

17  their healthcare providers.

18        10.    My child was covered by private health insurance during the course of

19  their care at Children's Hospital. To the best of my knowledge, Children's Hospital

20  billed the costs of these visits and other treatment to the private health insurance.

21        11.    The federal Administration, including the President of the United

22  States, has in this year alone issued several executive orders and policies declaring

23  gender-affirming care to be "mutilation" and "child abuse." These executive orders

24  and policies say being transgender is "wrong" and seek to eliminate the right of

25  transgender people to simply exist.

26        12.    Based on these federal actions, disclosure of my child's medical

27  records to DOJ and the federal government would cause my child severe emotional

28  distress and expose my child to the possibility of bullying, harassment,

4

DECLARATION OF PARENT EE

discrimination, and violence. My child has been the victim in the past of bullying, harassment, discrimination, and violence.

13.    I am afraid I will be discriminated against by the government if DOJ receives documents about my child's gender affirming care. I am afraid for the personal safety of myself and my family if these documents are provided to DOJ. And I am afraid the government will take action against me for allowing my child to receive gender-affirming care upon receiving these documents.

14.    Additionally, I have seen news stories about the government improperly releasing personal information like Social Security numbers to agencies that were not authorized to have that information. Based on this news, I am afraid that documents turned over to the DOJ about my child's health care will also be improperly turned over to other agencies and outside groups. Such disclosure of my name or the disclosure of my child's name would cause my child and me severe emotional distress and expose both of us to the possibility of bullying, harassment, discrimination, and violence from groups and people in the public who want to harm transgender people.

15.    Our privacy would not be protected by redacting our names. During the course of our child's care, we disclosed innumerable sensitive, identifiable facts to Children's Hospital medical providers.

16.    I first learned about the existence of DOJ subpoenas seeking information on gender affirming care in August 2025 in a Washington Post article. Afterward, I made at least five attempts by email to Children's Hospital to inquire about the existence and status of a subpoena. Children's Hospital finally called me to acknowledge the receipt of my numerous emails but did not confirm or deny their receipt of a subpoena from the DOJ and did not answer my questions about whether my child's personal information would be disclosed.

17.    I understand that DOJ has reserved the right to enforce the subpoena at any time and that they might do so without giving me any advance notice. I also

understand that even if Children's Hospital has not already turned over my child's personal health information to DOJ, the hospital could turn over this information at any time.

18.     Given the federal government's ever-increasing attacks on transgender youth and adults and how much I already feel like my child and family are being targeted, I do not feel like my family is safe as long as the subpoena is out there. I want to make sure my child's privacy rights are protected and do not feel comfortable knowing DOJ could go after our information at any time.

19.     I decided to participate in this action because I believe that people who seek gender affirming care should be able to trust that their medical records will not be turned over to the government for improper purposes, and I do not want people to fear seeking gender affirming care in the future.

20.     Despite these strong convictions, if we are not permitted to proceed under pseudonym, I will likely feel compelled to withdraw as a representative of this class and from this motion and abandon litigation in order to preserve the safety of my child and my family.

21.     I understand that as a class representative, my job would be to advocate for what is best for all people who have sought or received gender affirming care at Children's Hospital of Los Angeles, and not just myself. I am prepared to assume this responsibility.

22.     I also understand that I must stay informed about the lawsuit and consult with my attorneys. I have no conflicts or restrictions that would prevent me from taking on this important job. I will fairly and adequately represent the proposed class.

1      I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct. Executed on November 14, 2025,

3  in Santa Barbara County, State of California.

*Parent EE*

Parent EE

---

7

DECLARATION OF PARENT EE

46
18