**WESTERN CENTER ON LAW & POVERTY**
Helen Tran, SBN 290731
Email: htran@wclp.org
David Kane, SBN 292186
Email: dkane@wclp.org
Joy Dockter, SBN 275196
Email: jdockter@wclp.org
Robert Newman, SBN 86534
Email: rnewman@wclp.org
3701 Wilshire Blvd., Suite 208
Los Angeles, CA 90010
Telephone: (213) 487-7211
Fax: (213) 487-0242

(Additional counsel on following page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re 2025 Children's Hospital of Los Angeles Subpoena | Case No.: 25-11183<br><br>CLASS ACTION<br><br>**DECLARATION OF ROBERT D. NEWMAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

1

**DECLARATION OF ROBERT D. NEWMAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**LAWYERS FOR GOOD GOVERNMENT**
Amy E. Powell, NC SBN 50300*
Email: amy@lawyersforgoodgovernment.org
Khadijah M. Silver, NY SBN 5473558*
Email: khadijah@lawyersforgoodgovernment.org
Alyssa F. Morrison, TX SBN 24110135*
Email: amorrison@lawyersforgoodgovernment.org
1319 F St. NW Ste 301
PMB 181
Washington, DC 20004

**IMPACT FUND**
Lori Rifkin, SBN 244081
Email: lrifkin@impactfund.org
Fawn Rajbhandari-Korr, SBN 315888
Email: fkorr@impactfund.org
Meredith Dixon, SBN 346864
Email: mdixon@impactfund.org
Megan Flynn, SBN 359394
Email: mflynn@impactfund.org
2080 Addison St., Suite 5
Berkeley, CA 94704
Telephone: (510) 845-3473
Fax: (510) 845-3654

*Attorneys for Moving Parties*

**Pro hac vice application forthcoming*

**DECLARATION OF ROBERT D. NEWMAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

# DECLARATION OF ROBERT D. NEWMAN

I, Robert D. Newman, declare:

1. I am an attorney licensed to practice law in the State of California and am one of the attorneys for movants in this case. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

## Western Center On Law and Poverty Expertise

2. Founded in 1967, Western Center on Law and Poverty ("Western Center") brings impact litigation on behalf of poor people, offers support for legal aid and community organizations throughout California, and engages in both legislative and administrative advocacy. Among Western Center's historic cases are: *Serrano v. Priest*, 18 Cal. 3d 728 (1976) and 5 Cal. 3d 584 (1971) (state may not condition the quality of education on the property wealth of a school district and education is a fundamental interest under the California Constitution for purposes of equal protection analysis); *Underwood v. Hills*, 414 F. Supp.526 (D.D.C. 1976) (in this nationwide class action, the court held that the Department of Housing and Urban Development acted illegally when it refused to implement an operating subsidy program intended to reduce rents in federally subsidized housing projects); *Lopez v. Heckler*, 725 F.2d 1489 (9th Cir. 1984) (Secretary of Health and Human Services ordered to restore millions of dollars in illegally withheld Social Security disability benefits); *Coalition for Economic Survival v. Deukmejian*, 171 Cal. App. 3d 954 (1985); and *Pratt v. Wilson*, 770 F. Supp. 539 (E.D. Cal. 1991) (during two budget crises, state officials ordered to pay welfare checks in a timely manner even in the absence of an enacted state budget).

## Qualifications and Experience of Western Center Attorneys

A. Robert Newman

3. I am a 1977 graduate of Yale Law School. I am admitted to practice in California as well as the Eastern, Northern, Central and Southern District Courts of

California, the Ninth Circuit Court of Appeals and the United States Supreme Court. I was formerly admitted to practice in New York.

4. From 1979 through 1985, I was in private practice. During that time, I tried cases in both the federal and state courts and argued appeals in both the United States Court of Appeals for the Ninth Circuit and the California Court of Appeal. Two of my more noteworthy cases were: *Coalition Against Police Abuse, et al. v. Board of Police Commissioners, et al.*, Los Angeles Superior Ct. Nos. C 243 458, C 317 528, C 374 660, C 381 339, C 399 522 and C 413 904, wherein I was one of the two main negotiators of a settlement resulting in $1.8 million in damages and attorneys' fees to 143 plaintiffs together with the adoption of new intelligence gathering guidelines for the Los Angeles Police Department; and *Meilicke v. County of Los Angeles*, Los Angeles Superior Ct. No. WEC 56172, in which my client was awarded over $7 million in damages at trial under 42 U.S.C. §1983.

5. I became employed as a staff attorney at the Western Center in January of 1986. Since then, I have served as counsel in dozens of class actions and other impact cases concerning indigents' rights to public assistance, health care and housing in state and federal courts. Among the reported cases in which I have been lead counsel or co-counsel are: *Nativi v. Deutsche Bank National Trust Co.,* 223 Cal. App. 4th 261 (2014) (Protecting Tenants Against Foreclosure Act of 2009 provides certain legal protections for bona fide tenants of residential real property even after foreclosures on the property); *Alford v. County of San Diego*, 151 Cal. App. 4th 16 (2007) (county's eligibility standards for health care declared invalid); *Rodde v. Bonta*, 357 F.3d 988 (9th Cir. 2004) (Los Angeles County enjoined from closing its only rehabilitation hospital); *Emily Q. v. Bonta*, 208 F. Supp. 2d 1078 (C.D. Cal. 2001) (Medi-Cal program is required to provide a new mental health service, known as therapeutic behavioral services, and to take other measures with regard to a statewide class of Medi-Cal recipients under the age of 21); *Hunt v. Superior Court*, 34 Cal. 4th 984 (1999) (county cannot limit health care to indigent

residents to the general assistance standard of aid); *Gardner v. County of Los Angeles*, 34 Cal. App. 4th 200 (1995) (county cannot reduce General Relief benefits for purported value of medical care); *Blanco v. Anderson*, 39 F.3d 969 (9th Cir. 1994) (county welfare departments may not close on week days unless provisions are made for same-day emergency assistance and back-dating of public assistance applications); *Washington v. Board of Supervisors*, 18 Cal.App.4th 981 (1993) (county may not limit eligibility for General Relief to three months per year); *Pratt v. Wilson*, 770 F. Supp. 539 (E.D. Cal. 1991) (state must release money to pay Aid to Families with Dependent Children checks on time even in the absence of an enacted state budget); *Clark v. Kizer*, 758 F. Supp. 572 (E.D. Cal. 1991) (state illegally denied equal access to dental care for millions of Medi-Cal recipients because of low reimbursement rates for Denti-Cal providers); *Guidotti v. County of Yolo*, 214 Cal. App.3d 1552 (1989) (county's averaging of rents paid by existing general assistance recipients to determine $121 per month shelter allowance in GA grant was unfair when there was no evidence that housing was actually available at $121 per month); and *Hansen v. Department of Social Services*, 193 Cal. App. 3d 283 (1987) (state welfare officials may not deny emergency shelter to homeless children even if those children remain with their families).

6. I now am General Counsel for the Western Center. In the past fifteen years, I have served as as co-counsel in *I.N., et al. v. Jennifer Kent, et al.,* Case No.: 3:18-cv-3099 WAP in the Northern District of California, and *Donald Ray Lilley, et al. v. County of Alameda, et al.,* Case No.: 3:15-cv-04475 JD in the Northern District of California, as lead counsel in *Marco A. Galindo v. Housing Authority of the City of Los Angeles,* Case No. CV 12-2449 GW (JCGx) in the Central District of California, and as co-lead counsel in *Leslie Napper, et al. v. County of Sacramento, et al.,* Case No. 2:10-CV-01119-JAM-EFB in the Eastern District of California. In *I.N.* we obtained a settlement to improve the delivery of private duty nursing services and related case management services to a statewide class of all Medi-Cal

beneficiaries who are EPSDT eligible and for whom private duty nursing services have been approved. In *Lilley* we obtained a preliminary injunction and subsequently a stipulated permanent injunction requiring Alameda County to process expedited and regular applications for CalFresh (Food Stamp) benefits "within a margin of human error" in accordance with the legally mandated deadlines under state and federal law. In *Galindo*, we obtained a settlement wherein the Housing Authority of the City of Los Angeles agreed, among other things, to pay up to $3.3 million to a class of more than 6,000 residents of fourteen public housing developments for rent overcharges and breach of the standard lease. In *Napper,* District Judge John Mendez issued a preliminary injunction in July 2010 against Sacramento County's implementation of a plan which threatened thousands of adult Medi-Cal recipients with severe mental illness, such as schizophrenia and bipolar disease, with the abrupt termination of existing outpatient mental health services.

7. For many years, I served as lead counsel in *Katie A., et al. v. Toby Douglas, et al.*, Case No. CV 02-5662 JAK (FFMx) in the Central District of California. The *Katie A*. lawsuit contained claims under the Medicaid Act, the Americans with Disabilities Act, the federal and state constitutions, and other laws on behalf of both statewide and countywide classes of foster children with mental health needs regarding the denial of necessary mental health services. We reached a settlement over twenty years ago of the claims against the County of Los Angeles and the Court only ceased to exercise jurisdiction over the settlement with the County in November 2023. Meanwhile, in March of 2006, the District Court granted a preliminary injunction, which would have required State officials to provide two medically necessary, mental health services to a statewide class of children either in or at risk of foster care placement. *Katie A. v. Bonta*, 433 F. Supp. 2d 1065 (C.D. Cal. 2006). In March of 2007, the Ninth Circuit affirmed most of the district court's findings but nonetheless reversed the preliminary injunction and remanded for further proceedings consistent with the opinion. *Katie A. ex rel Ludin*

*v. Los Angeles County,* 481 F.3d 1150 (9th Cir. 2007). In December of 2011, the District Court approved the settlement agreement and accompanying consent decree, whereby the California Department of Health Care Services and California Department of Social Services agreed, among other things, to undertake a joint effort to reform the way mental health services are provided to children and young adults who are in California's child welfare system and to ensure that at least two new services are available to foster children and youth with intensive mental health needs.

8. Beginning in September of 1995, I became a part-time employee of the Western Center and have opened my own private legal practice on a part-time basis as well. During these years, I have served as either lead counsel or co-counsel in a number of class actions, including claims for: (a) violations of wage-and-hour laws by four supermarket chains and two other companies regarding thousands of janitors working in the supermarkets throughout California; (b) violations of Civil Code § 2941 on the recording of trust deeds by Washington Mutual Bank, FA, and California Reconveyance Corporation; (c) violations of wage-and-hour laws against Guess ?, Inc., (d) violations of the Education Code and the Unfair Competition Law by a vocational school; (e) violations of wage-and-hour laws at 19 hotels throughout California; (f) declaratory relief regarding an inconspicuous provision in a long term disability policy wherein the amount of disability benefits would be offset by any Social Security Disability Insurance benefits received by the policyholder; and (g) violations of wage-and-hour laws at CVS stores throughout California.  I have also represented individuals and groups in a number of employment and civil rights lawsuits.  My work on wage-and-hour cases has resulted in published opinions in *Bearden v. U.S. Borax, Inc.*, 138 Cal. App. 4th 429 (2006), and *Sharp v. Next Entertainment, Inc.*, 163 Cal. App.4th 410 (2008).

9. I have been an Adjunct Professor at Loyola University Law School, where I have taught a seminar in civil rights litigation along with Professor Gary

Williams in 2006, 2007, 2009, 2011, 2012, 2014, 2016 and 2018. I previously taught trial advocacy at Loyola University Law School for several years. In years past, I have also served as an instructor in trial advocacy for the American Bar Association, the National Institute for Trial Advocacy and the American College of Trial Lawyers. I also was one of the instructors for the Continuing Education of the Bar's program on "Preparing for, Taking and Using Depositions" in May of 1990, and at CEB's "Basic Trial Skills Workshop" in July of 1993. Ever since I began working at the Western Center, I have served as a trainer for legal services attorneys on a wide variety of subjects. In September of 2017, I was one of the trainers at the Impact Fund's Class Action Training Institute in Los Angeles. In July of 2005, I was one of the speakers in Los Angeles on settlements of wage-and-hour class actions and ethical issues for California Employment Lawyers Association.

10. My publications include "Remedies for Discrimination in Supervisorial and Managerial Jobs," 13 Harv.C.Rts.-Civ.Lib.L.Rev. 633 (1978), and "The Police Spying Settlement," Los Angeles Lawyer (May 1984) (co-author).

11. In October of 2022, I received the Earl Johnson Equal Justice Award from the Western Center. In 2020, I received both the Loren Miller Legal Services Award from the California Lawyers Association and the Honorable Robert Kenny Award from the Los Angeles Chapter of the National Lawyers Guild. In March of 2007, I received the award of California Lawyer of Year along with Kim Lewis and Melinda Bird in the field of public policy. I have also been selected for listing in 2005, 2007, 2008 and 2009 as a "Super Lawyer" in the area of Class Actions/Mass Torts in Southern California Super Lawyers.

B. Helen Tran

12. My colleague Helen Tran is a 2012 graduate of USC Gould School of Law. She has also received a Master of Health Administration from the USC Sol Price School of Public Policy. Ms. Tran is admitted to practice in the Central District Court of California.

13. Upon graduation from law school, Ms. Tran completed a two-year fellowship with Asian Americans Advancing Justice–AAJC, in Washington, D.C. During her fellowship, Ms. Tran advocated for policies to increase access for immigrant and limited English proficient populations to the Affordable Care Act's then-new health insurance programs. She drafted fourteen sets of public comments in response to federal agency rulemaking to implement the Affordable Care Act, analyzing and comparing language access statutes, agency regulations, policies, and guidelines across federal and state levels. Ms. Tran also served as co-counsel in an amicus brief in support of plaintiffs-appellants in *Nat'l Ass'n for Advancement of Colored People v. Horne*, 626 F. App'x 200, 201 (9th Cir. 2015), addressing racial stigma as a concrete injury for legal standing. Ms. Tran co-authored an article in the 2014 Asian American Policy Review (Harvard Kennedy School Student Publication), *From* Lau v. Nichols *to the Affordable Care Act: Forty Years of Ensuring Meaningful Access to Health Care for Limited-English Proficient Asian Americans, Native Hawaiians, and Pacific Islanders*.

14. From 2014 to 2018, Ms. Tran worked as Staff Attorney at Neighborhood Legal Services. She was lead counsel in *Robbins v. Kent* (Los Angeles Superior Court Case No. BS 170876), a writ of ordinary mandamus which sought to enforce the pre-hearing and evidentiary rights in state fair hearings of more than two million Medi-Cal patients with medically complex conditions. She was co-counsel in *Korean Community Center of the East Bay v. Kent* (Alameda Superior Court Case No. RG 14748387), which secured a settlement requiring notices terminating coverage for Medi-Cal recipients to be translated into eleven languages in addition to English for over eleven million Medi-Cal recipients throughout California. She also represented tenants in unlawful detainer actions from pre-trial stages to settlement. During her time at Neighborhood Legal Services, Ms. Tran outdid the other members of her team in representing the most clients in administrative hearings involving their Medi-Cal coverage and eligibility.

15. From 2018 to 2019, Ms. Tran worked as a Staff Attorney at Legal Aid Foundation of Los Angeles, where she led a legal clinic co-located at Martin Luther King, Jr. Outpatient Center in South Los Angeles. She represented patients on matters that impacted their social determinants of health, tenants in unlawful detainer actions, petitioners in U-Visa, VAWA, and naturalization applications, applicants in SSI appeals, and defendants in traffic citation cases.

16. From September 2019 until the present, Ms. Tran has worked at Western Center, first as Staff Attorney and then as Senior Attorney. Ms. Tran has served as counsel on a variety of matters to increase access to health care for California's low-income population. She was lead counsel in *Hepner v. County of Santa Clara* (Santa Clara Superior Court Case No. 19CV357560), which resulted in a far-reaching settlement revising the County of Santa Clara's hospital financial assistance policy, patient notices and application, along with providing class-like relief for more than 43,000 former eligible patients and actual debt write-offs of approximately $3.89 million. She was also co-counsel in *Tesfai v. Dept. of Health Care Services* (Alameda Superior Court Case No. 22CV013967) and helped to negotiate a settlement that expands Medi-Cal coverage of replacement dentures statewide.

C.  David Kane

17. My colleague David Kane is a 2013 graduate of the UCLA School of Law. He is admitted to practice in the Central and Northern District Courts of California.

18. Upon graduation from law school, Mr. Kane clerked for the Honorable Norman L. Epstein of the California Court of Appeal, Second Appellate District, and prepared draft opinions for over twenty appeals involving complex civil, criminal, and dependency issues.

19. From 2014 to 2019, Mr. Kane worked first as Staff Attorney and later as Associate Director of Litigation and Policy Advocacy at Neighborhood Legal

Services of Los Angeles County. He was lead counsel in *Moncrief v. County of Los Angeles* (Los Angeles Superior Court Case No. BC 644539), which resulted in a permanent injunction requiring Los Angeles County to maintain health coverage for the more than three million Medi-Cal recipients in this County during the annual renewal process. Mr. Kane also was lead counsel in *Ratcliff v. LogistiCare* (Los Angeles Superior Court Case No. BC 683417), a complex multi-plaintiff and multi-defendant action alleging violations under the Unfair Competition Law related to non-medical transportation that dialysis patients need to access care.

20. Since April 2019, Mr. Kane has worked at Western Center, first as Staff Attorney and then as Senior Attorney. He has served as co-counsel on several cases seeking to expand and keep health coverage for vulnerable Californians: *La Clínica v. Trump*, Case No. 4:19-cv-04980-PJH in the Northern District of California (challenging the first Trump Administration's changes to immigration rules which harmed public benefits recipients; those rules were subsequently abandoned by the next administration); *Padres Buscando el Cambio v. Dep't of Developmental Services*, Los Angeles Superior Cort Case No. 21STCP03671 (settlement improves access to disability services for Latinx families statewide); *Rivera v. Kent* (Court of Appeal, First Appellate District, Division Four Case No. A147534) (settlement expands real-time eligibility results statewide for over 1,000 Medi-Cal applicants each month); and *Tesfai v. Dept. of Health Care Services*, Alameda Superior Court Case No. 22CV013967 (settlement expands Medi-Cal coverage of replacement dentures statewide).

D. Joy Dockter

21. My colleague Joy Dockter is a 2010 graduate of San Joaquin College of Law. Prior to graduating law school, Ms. Dockter took and passed the California State Bar Exam, one of only four people statewide to accomplish that feat during that testing session. She is admitted to practice in the Eastern and Central Districts of California.

11

**DECLARATION OF ROBERT D. NEWMAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

22. Ms. Dockter has spent her entire legal career assisting low-income and otherwise disadvantaged residents of California access health care and address medical debt when health care is not covered by insurance. She worked for eleven years at Central California Legal Services, an LSC-funded legal services non-profit, first as a staff attorney and then as senior attorney at the Health Consumer Center. During that time, Ms. Dockter represented defendants in medical debt lawsuits in multiple Central California counties. Her work through the courts and in pre-litigation advocacy resulted in two large hospitals and a three-facility hospital system ending the practice of suing their patients for medical debt, impacting thousands of families across the Central Valley.

23. Ms. Dockter joined the Western Center in May of 2024.

24. Western Center has worked closely with co-counsel at Lawyers for Good Government and the Impact Fund in diligently investigating the factual background and circumstances relevant to this litigation and the legal rights and claims of movants and the proposed class. Western Center is prepared to commit the staff and resources necessary to pursue this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2025, in Los Angeles, California.

_____
Robert D. Newman

**DECLARATION OF ROBERT D. NEWMAN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**