UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: 2025 Children's Hospital of Los Angeles Subpoena | Case No.: 25-11183<br><br>[PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL |

Moving Parties, who are parents and guardians of minor patients who sought and/or received care at Children's Hospital Los Angeles, have filed a motion for certification of the following class under Federal Rule of Civil Procedure 23(a) and 23(b)(2):

> *All people, and parents/guardians of minors, who sought and/or received "gender-related care" at Children's Hospital Los Angeles from January 1, 2020, to the present.*

"Gender-related care" refers to care as defined in the DOJ subpoenas, to mean "any medical, surgical, psychological, or social treatment provided to individuals to alter their physical appearance or social presentation to resemble characteristics typically associated with the opposite biological sex."

This Court has fully considered the motion for class certification and for appointment of class representative and class counsel. Having conducted a rigorous analysis of the pleadings and evidence, the Court makes the following findings of fact and law:

    1.    Moving Parties have demonstrated that the proposed class is so numerous (more than 3,000 patients and parents/guardians of former patients) that joinder is impractical and thereby satisfies Rule 23(a)(1).

    2.    Moving Parties have demonstrated that there are questions of law

1  and fact common to the proposed class and thereby satisfy Rule 23(a)(2).
2  These include whether the DOJ subpoena implicates class members' right to
3  informational privacy; whether class members' privacy interests outweigh any
4  purported government interest in the disclosure of class members' information
5  and medical records; whether the subpoena is unreasonable broad or
6  burdensome; whether the DOJ subpoena complied with statutory standards;
7  and whether the subpoena was issued for an improper purpose and/or in bad
8  faith.

3. Moving Parties have demonstrated that their claims are typical of those of the proposed class and thereby satisfy Rule 23(a)(3). Moving Parties are parents and guardians of minor patients who sought and received gender-affirming care from Children's Hospital, including gender-related care during the relevant timeframe as sought by the DOJ subpoena. Moving Parties have alleged they will suffer the same invasion of their privacy rights as proposed class members and risk of further harm flowing therefrom.

4. Moving Parties have demonstrated that they are adequate class representatives and thereby satisfy Rule 23(a)(4). There is no evidence of conflicts between Moving Parties and the proposed class. The record confirms that Moving Parties understand their obligations as class representatives and are willing to assume those responsibilities.

5. Moving Parties have demonstrated that the case is appropriate for class certification under Rule 23(b)(2). They seek quashal to address demands for information made in the DOJ subpoena that apply generally to the proposed class. The requested relief is common to the proposed class and would redress the injuries of the entire class.

6. Moving Parties have demonstrated that their counsel, attorneys of Western Center on Law and Poverty, Lawyers for Good Government, and Impact Fund, meet the requirements for appointment of counsel to the class

under Rule 23(g). They have offered evidence that their counsel have expertise in federal civil rights law and class action litigation and have the time and resources necessary to vigorously represent the interest of the proposed class.

**GOOD CAUSE APPEARING**, the Court:

1.	Certifies a class under Rule 23(b)(2), defined as follows: *All people, and parents/guardians of minors, who sought and/or received "gender-related care" at Children's Hospital Los Angeles from January 1, 2020, to the present.* "Gender-related care" refers to the definition stated in the DOJ subpoena.

2.	Appoints Moving Parties AA, BB1, BB2, CC, DD, EE, and FF as class representatives for the certified class.

3.	Appoints attorneys from Western Center on Law and Poverty (Helen Tran, David Kane, Joy Dockter, and Robert Newman), Lawyers for Good Government (Amy Powell, Khadijah Silver, and Alyssa Morrison), and Impact Fund (Lori Rifkin, Fawn Rajbhandari-Korr, Meredith Dixon, and Megan Flynn) as class counsel for the certified class.

**IT IS SO ORDERED.**

DATED:_____

_____
United States District Court Judge